UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

ANTONIO HOLMES,                          )
                                         )
         Petitioner,                     )
                                         )
    v.                                   )     No. 1:23-CV-187 SRW
                                         )
MISSOURI DEPT. OF CORRECTIONS,           )
                                         )
         Respondent.                     )

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon review of a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 filed by self-represented petitioner Antonio Holmes. [ECF No. 1]. Because petitioner is attacking a revocation proceeding before the Missouri Department of Probation and Parole, the Court believes that petitioner's action is more appropriately brought pursuant to 28 U.S.C. § 2254. For the reasons explained below, the petition will be summarily denied and dismissed due to petitioner's failure to exhaust his state court remedies with respect to his claim.

**The Petition**

Petitioner is currently incarcerated at Ste. Genevieve Detention Center awaiting trial in a federal criminal action.[1] *See U.S. v. Holmes*, Case No. 4:22-CR-694 AGF (E.D. Mo.). On October 20, 2023, petitioner mailed to the Court an application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 alleging that due to his current charges in federal court, the Missouri Department of Corrections is "unconstitutionally extending [his] parole beyond [his] 12/12 [parole

---

[1]The Court may take judicial notice of judicial opinions and public records. *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005).

completion date] date." He seeks an order from this Court stating that his parole in his state case was lawfully completed, and he seeks to enjoin the Missouri Board of Probation and Parole from revoking his parole.

## Background

On December 7, 2022, petitioner was charged by federal Indictment with one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g). *See U.S. v. Holmes*, Case No. 4:22-CR-694 AGF. He was arrested on December 19, 2022, and he was detained in a correctional facility at that time. His federal case is set for trial on January 8, 2024.

On June 29, 2009, at age seventeen (17), petitioner was arrested by Pine Lawn police for one count of first-degree robbery and one count of armed criminal action; the next day, on June 30, defendant was arrested by Jennings police for one count of first-degree robbery and one count of armed criminal action. In the Circuit Court of St. Louis County, for both cases on February 18, 2011, he was sentenced to fourteen (14) years imprisonment. *See State v. Holmes*, No. 09SL-CR05144-01 (21st Jud. Cir., St. Louis County); *State v. Holmes*, No. 09SL-CR05295-01 (21st Jud. Cir., St. Louis County).

On September 7, 2021, defendant was released on Missouri state parole supervision, which was supposed to expire on July 8, 2023. After the Missouri Division of Probation and Parole was informed of petitioner's federal charges, petitioner was provided with a parole violation hearing request from his parole officer, dated March 29, 2023. *See* ECF No. 1, Attachment No. 1. The violation listed states: "1-LAWS: for being arrested for Unlawful Possession of a Firearm on 8-10-22 #7 WEAPONS: for Holmes having a weapon in his possession at the time of his arrest." Although it is not clear, it appears that petitioner's probation/parole may have already been revoked. Regardless, a review of Missouri.Case.Net shows that petitioner has not contested the

revocation in Missouri State court.

**Discussion**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a habeas petition if it plainly appears the petitioner is not entitled to relief. For a state prisoner to obtain review under 28 U.S.C. § 2254, he must have fully exhausted all remedies available in the state courts for all his alleged federal habeas grounds. *See* 28 U.S.C. § 2254(b); *Coleman v. Thompson,* 501 U.S. 722, 731 (1991); *Sloan v. Delo,* 54 F.3d 1371, 1381 (8th Cir. 1995). A failure to raise a claim in the state courts erects a procedural bar to relief in the federal court. *See Sweet v. Delo,* 125 F.3d 1144, 1149-51 (8th Cir. 1997).

To exhaust a challenge to parole/probation revocation proceedings in Missouri, a petitioner must first file a state habeas corpus petition under Missouri Supreme Court Rule 91 in the circuit or associate circuit court of the county where he is in custody. Mo. S. Ct. R. 91.01(a). *See Romano v. Wyrick*, 681 F.2d 555, 556-57 (8th Cir. 1982); *see also Brown v. Missouri Bd. of Prob. & Parole*, 727 F. Supp. 524, 531 (W.D. Mo. 1989). Consequently, to be considered exhausted for purposes of federal habeas relief, the claims must be presented in a Rule 91 state habeas petition to either the Missouri Court of Appeals or the Missouri Supreme Court. *Romano*, 681 F.2d at 556-57. There is no time limit for filing a Rule 91 state habeas petition. *Davis v. Purkett*, 296 F. Supp. 2d 1027, 1030 (E.D. Mo. 2003).

Here, petitioner states he is challenging a probation/parole revocation. [ECF No. 1]. He has not shown, however, that he exhausted his state remedies prior to filing the instant petition, which amounts to procedural default. *See Williamson v. Minor*, 2010 WL 681376, at *4 (E.D. Mo. Feb. 22, 2010) (petitioner's failure to file a state habeas petition to contest his probation revocation is

3

procedural default and subject to dismissal). Therefore, petitioner's claims relating to his parole revocation are not yet exhausted and cannot be brought in this Court.

Because petitioner has made no effort to explain why he cannot raise his claims in state proceedings, nor has he shown that there are any exceptional circumstances that would allow him to bypass the normal procedure for raising such claims, relief in federal habeas is unavailable. To determine otherwise would interfere with the trial judge's control over his case, encourage "judge shopping," and cause needless duplication of judicial resources. The Court will therefore deny the petition. The Court will not issue a certificate of appealability, as petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 483–85 (2000).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that that petitioner's application for writ of habeas corpus [ECF No. 1] is **DISMISSED for failure to exhaust state remedies**. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 20th day of November, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE